IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

RICHARD CHAPMAN,

    Plaintiff,                    No. CIV S-05-2065 FCD JFM P

    vs.

WILLIAM M. GALLAGHER, et al.,    ORDER AND

    Defendants.               FINDINGS & RECOMMENDATIONS

_____/

        Plaintiff is a state prisoner proceeding pro se. Plaintiff seeks relief pursuant to 42 U.S.C. § 1983 and has requested leave to proceed in forma pauperis pursuant to 28 U.S.C. § 1915. This proceeding was referred to this court by Local Rule 72-302 pursuant to 28 U.S.C. § 636(b)(1).

        Plaintiff has submitted a declaration that makes the showing required by 28 U.S.C. § 1915(a). Accordingly, the request to proceed in forma pauperis will be granted.

        Plaintiff is required to pay the statutory filing fee of $250.00 for this action. 28 U.S.C. §§ 1914(a), 1915(b)(1). An initial partial filing fee of $24.16 will be assessed by this order. 28 U.S.C. § 1915(b)(1). By separate order, the court will direct the appropriate agency to collect the initial partial filing fee from plaintiff's trust account and forward it to the Clerk of the Court. Thereafter, plaintiff will be obligated for monthly payments of twenty percent of the

preceding month's income credited to plaintiff's prison trust account. These payments will be forwarded by the appropriate agency to the Clerk of the Court each time the amount in plaintiff's account exceeds $10.00, until the filing fee is paid in full. 28 U.S.C. § 1915(b)(2).

By order filed November 29, 2005, plaintiff was granted thirty days in which to file an amended complaint. After receiving an extension of time, plaintiff has now filed an amended complaint.

The court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b)(1),(2).

A claim is legally frivolous when it lacks an arguable basis either in law or in fact. Neitzke v. Williams, 490 U.S. 319, 325 (1989); Franklin v. Murphy, 745 F.2d 1221, 1227-28 (9th Cir. 1984). The court may, therefore, dismiss a claim as frivolous where it is based on an indisputably meritless legal theory or where the factual contentions are clearly baseless. Neitzke, 490 U.S. at 327. The critical inquiry is whether a constitutional claim, however inartfully pleaded, has an arguable legal and factual basis. See Jackson v. Arizona, 885 F.2d 639, 640 (9th Cir. 1989); Franklin, 745 F.2d at 1227.

A complaint, or portion thereof, should only be dismissed for failure to state a claim upon which relief may be granted if it appears beyond doubt that plaintiff can prove no set of facts in support of the claim or claims that would entitle him to relief. Hishon v. King & Spalding, 467 U.S. 69, 73 (1984) (citing Conley v. Gibson, 355 U.S. 41, 45-46 (1957)); Palmer v. Roosevelt Lake Log Owners Ass'n, 651 F.2d 1289, 1294 (9th Cir. 1981). In reviewing a complaint under this standard, the court must accept as true the allegations of the complaint in question, Hospital Bldg. Co. v. Rex Hosp. Trustees, 425 U.S. 738, 740 (1976), construe the

pleading in the light most favorable to the plaintiff, and resolve all doubts in the plaintiff's favor, Jenkins v. McKeithen, 395 U.S. 411, 421 (1969).

In his amended complaint, plaintiff alleges that his constitutional rights were violated in a civil action brought against him in the Sacramento County Superior Court and on state court appellate review of the judgment entered in that case. The named defendants are two Sacramento County Superior Court judges, a judge of the California Court of Appeal for the Third Appellate District, the Chief Justice of the California Supreme Court, and a minor identified as "Megan A" by and through a guardian ad litem.[1] By this action, plaintiff seeks "reversal of a civil judgment" entered against him in the state court civil action and $75,000.00 in damages. (Amended Complaint, filed February 27, 2006, at 1.)

> The United States District Court, as a court of original jurisdiction, has no authority to review the final determinations of a state court in judicial proceedings. 28 U.S.C. § 1257 provides that the proper court in which to obtain such review is the United States Supreme Court. District of Columbia Court of Appeals v. Feldman, 460 U.S. 462, 476, 103 S.Ct. 1303, 1311, 75 L.Ed.2d 206 (1983).

Worldwide Church of God v. McNair, 805 F.2d 888, 890 (9th Cir. 1986). This rule applies even where a challenge to state court proceedings raises federal constitutional questions if that challenge "require[s] review of a state court judgment in a particular case." Id. at 891.

Plaintiff requests, and his claims would require, review of the judgment entered against him in the Sacramento County Superior Court civil action. For the reasons set forth supra, this court lacks subject matter jurisdiction to consider those claims. Accordingly, this action should be dismissed for lack of subject matter jurisdiction.[2]

---

[1] With the amended complaint, plaintiff filed a document styled as a request to hold "Megan A." exempt from liability.

[2] In the amended complaint, plaintiff also makes passing reference to criminal proceedings against him and a state habeas corpus petition. Court records reflect that plaintiff presently has pending in this court a habeas corpus challenge to a criminal conviction that he suffered in the Sacramento County Superior Court in October 2001. See Chapman v. Hickman, No. CIV S-05-1511 LKK KJM P. All challenges to plaintiff's criminal conviction must be

On February 27, 2006, petitioner filed a motion for leave to conduct discovery. Since the court lacks subject matter jurisdiction over this action, the motion will be denied.

In accordance with the above, IT IS HEREBY ORDERED that:

1. Plaintiff's request for leave to proceed in forma pauperis is granted.

2. Plaintiff is obligated to pay the statutory filing fee of $250.00 for this action. Plaintiff is assessed an initial partial filing fee of $24.16.  All fees shall be collected and paid in accordance with this court's order to the Director of the California Department of Corrections and Rehabilitation filed concurrently herewith.

3. Plaintiff's February 27, 2006 motion for leave to conduct discovery is denied; and

IT IS HEREBY RECOMMENDED that this action be dismissed for lack of subject matter jurisdiction.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within twenty days after being served with these findings and recommendations, plaintiff may file written objections with the court.  The document should be captioned "Objections to Magistrate Judge's Findings and Recommendations."  Plaintiff is advised that failure to file objections within the specified time may waive the right to appeal the District Court's order.  <u>Martinez v. Ylst</u>, 951 F.2d 1153 (9th Cir. 1991).

DATED: March 21, 2006.

UNITED STATES MAGISTRATE JUDGE

12;chap2065.56

---

raised, if at all, in one federal habeas corpus action.  <u>See</u> Rule 2, 28 U.S.C. foll. § 2254.