IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

RICHARD CHAPMAN,

    Plaintiff,                      No. CIV S-05-2065 FCD JFM P

    vs.

WILLIAM M. GALLAGHER, et al.,

    Defendants.               ORDER

_____/

        Plaintiff, a state prisoner proceeding pro se, has filed this civil rights action seeking relief under 42 U.S.C. § 1983. This matter was referred to a United States Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1)(B) and Local General Order No. 262.

        On March 22, 2006, the magistrate judge filed findings and recommendations recommending dismissal of the action for lack of subject matter jurisdiction. On April 7, 2006, plaintiff filed objections to the findings and recommendations. On May 8, 2006, after a de novo review of the record, see 28 U.S.C. § 636(b)(1)(C) and Local Rule 72-304, this court adopted in full the findings and recommendations and dismissed the action for lack of subject matter jurisdiction. Judgment was entered on the same day.

        On May 18, 2006, petitioner filed a document styled "Objection to the De Novo Review and Order that Plaintiff's Action be Dismissed." On June 21, 2006, petitioner filed a

1

notice of appeal from the judgment entered on May 8, 2006. On August 29, 2006, citing Fed. R. Civ. P. 4(a)(4), the United States Court of Appeals for the Ninth Circuit issued an order holding the proceedings in that court in abeyance pending ruling on petitioner's May 18, 2006 objection, which the court of appeals construed as a motion for reconsideration.[1]

Fed. R. App. 4(a)(4) extends the time for filing a notice of appeal during the pendency of certain motions enumerated therein, including a motion for relief from judgment under Fed. R. Civ. P. 60.[2] Federal Rule of Civil Procedure 60(b) provides for relief from a final judgment on several grounds enumerated therein, including " mistake, inadvertence, surprise, or excusable neglect" or "any other reason justifying relief from the operation of the judgment." Fed. R. Civ. P. 60(b)(1), (6).[3]

This action was dismissed for lack of subject matter jurisdiction because plaintiff's claims would require review of a state court judgment. In his motion for reconsideration, plaintiff asserts that he was denied various due process rights in the state court proceedings at issue. As the magistrate judge noted in the findings and recommendations adopted by this court, the rule that federal district courts lack jurisdiction over cases that require review of particular state court judgments applies even where the challenge to the state court proceedings presents a federal constitutional question. (See Findings and Recommendations, filed March 22, 2006, at 3, quoting Worldwide Church of God v. McNair, 805 F.2d 888, 891 (9th Cir. 1986).

/////

---

[1] In that order, the court of appeals also advised petitioner that if he wished to challenge this court's ruling on the motion for reconsideration, he should file an amended notice of appeal within thirty days from entry of this court's ruling on said motion.

[2] A motion pursuant to Fed. R. Civ. P. 60 is the only motion listed in Fed. R. App. 4(a)(4) that applies to the action at bar.

[3] None of the other grounds set forth in Rule 60(b) have any application to this case, which was dismissed at screening pursuant to 28 U.S.C. §1915A.

1 │   Plaintiff has not shown grounds that require or justify relief from the judgment
2 │ entered in this action.  Accordingly, IT IS HEREBY ORDERED that:
3 │   1.  Plaintiff's May 18, 2006 motion for reconsideration is denied; and
4 │   2.  The Clerk of the Court is directed to serve a copy of this order on the United
5 │ States Court of Appeals for the Ninth Circuit.
6 │ DATED:October 25, 2006

            /s/ Frank C. Damrell Jr.
            FRANK C. DAMRELL JR.
            United States District Judge